UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00715-FDW-DCK

| | |
|---|---|
| IN-FLIGHT CREW CONNECTIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| FLIGHT CREWS UNLIMITED, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on a Motion to Dismiss Plaintiff's Complaint (Doc. No. 6) for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). In the alternative, Defendant also moves to transfer venue to the U.S. District Court for the Northern District of Illinois pursuant to Sections 1404, 1406, and 1631 of Title 28 of the U.S. Code. (Doc. No. 6). Upon review by the Court, for the reasons below, the Motion to Dismiss is DENIED and the Motion to Transfer Venue is GRANTED.

**I. BACKGROUND**

According to the Complaint,[1] Plaintiff In-Flight Crew Connections, LLC, is a North Carolina limited liability company headquartered in Charlotte, North Carolina. (Doc. No. 1, p. 1). The Complaint is an action seeking declaratory judgment that Plaintiff has not infringed upon Defendant's trademarks. (Doc. No. 1, pp. 5–6). The Complaint asserts Defendant Flight Crews Unlimited, Inc., is an Illinois corporation headquartered in Richmond, Illinois. (Doc. No. 1, p. 1).

---

[1] The allegations and assertions of the pleadings and supporting affidavits are to be read in the light most favorable to Plaintiff. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

1

According to the pleadings, both Plaintiff and Defendant provide personnel, such as pilots, mechanics, and attendants, for parties arranging private air travel. (Doc. No. 6-1, p.3); (Doc. No. 9, p. 2). Plaintiff alleges Defendant employs several people who reside in North Carolina and frequently does business with North Carolina-based customers. (Doc. No. 9, pp. 6–8).

Plaintiff alleges Defendant has threatened to file or has filed numerous trademark infringement complaints against them. (Doc. No. 9, pp. 2–4). The allegations further claim that the U.S. Patent and Trademark Office has ruled in favor of Plaintiff on one of these trademark infringement complaints. (Doc. No. 1, pp. 3–4). Plaintiff asserts Defendant has appealed this decision and continues to issue cease-and-desist letters regarding Plaintiff's trademark use. (Doc. No. 1, p. 4).

Before filing an answer, Defendant filed a Motion to Dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and a memorandum in support of the motion. (Doc. No. 6). Defendant's pleading also moved in the alternative for a transfer of venue to the Northern District of Illinois under Sections 1404 and 1631 of Title 28 of the U.S. Code. (Doc. No. 6). Plaintiff filed a memorandum in opposition to the Motion to Dismiss, (Doc. No. 9), and Defendant replied, (Doc. No. 10).

## II. APPLICABLE LAW

Upon a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the burden is on the plaintiff to make a prima facie showing of the grounds for jurisdiction. See Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). When the court's analysis rests solely on the pleadings and supporting affidavits, the court will read the pleadings and affidavits in the light most favorable to the plaintiff. Combs v. Bakker, 886 F.2d 673, 676 (4th

Cir. 1989). For the court to exercise personal jurisdiction over non-resident defendants, it must comply with the long-arm statute of the forum state, and it must meet the requirements of the Due Process Clause of the Fourteenth Amendment. Christian Sci. Bd. Of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001).

The North Carolina long-arm statute is interpreted to extend jurisdiction to the extent allowed by the Due Process Clause, thereby merging the jurisdictional analysis into a single due process inquiry. Id. The paradigmatic case for personal jurisdiction questions is International Shoe, which requires that "minimum contacts" exist between the defendant and the forum state such that "the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted); see also Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 923 (2011).

A court may exercise general personal jurisdiction over a defendant when that defendant is essentially "at home" in the forum. See Daimler AG v. Bauman, 571 U.S. 117, 127 (2014). For a corporate (or other entity) defendant, "at home" will usually mean their domicile and their principal place of business. See id. at 137. For individual defendants, it typically means their domicile. Id. When general personal jurisdiction does not apply, a court may still exercise specific personal jurisdiction if the plaintiff makes a sufficient showing that 1) the defendant purposefully availed themselves of the forum and the benefits and protections of its laws, 2) the plaintiff's claim arises from the purposefully availing conduct, and 3) the exercise of jurisdiction would be constitutionally reasonable. See Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009).

Venue is appropriate in "a judicial district in which any defendant resides, . . . in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391 (2016). A district court may transfer an action to another district for reasons of convenience upon motions by or the consent of the parties. Id. at § 1404. A court may also transfer venue "in the interest of justice" when it is discovered that court lacks jurisdiction. Id. at § 1631. A transfer under Section 1631 is appropriate when (1) the proposed transferee court has jurisdiction, (2) the action would have been timely filed had it been brought initially in the transferee court, and (3) transfer would serve the interests of justice. Afifi v. U.S. Dep't of Interior, 924 F.2d 61, 64 n.6 (4th Cir. 1991).

### III. ANALYSIS

Here, there is no need for extensive analysis of general personal jurisdiction. Plaintiff does not allege Defendant is a resident of or has its principal place of business in North Carolina. (Doc. No. 1, p. 1). As for specific personal jurisdiction, the three elements laid out in Consulting Engineers must be met. For the reasons below, the first and second elements are not met and the Court may not exercise specific personal jurisdiction over Defendant. Section 1631 of Title 28 permits a transfer of venue for want of jurisdiction in the interests of justice. The interests of justice permit just such a transfer.

**A. Specific Personal Jurisdiction**

Specific personal jurisdiction over a foreign defendant requires minimum contacts that "give rise to the liabilities sued on." International Shoe, 326 U.S. at 317. These contacts must be the result of the defendant's own conduct, thereby purposefully availing themselves of the forum. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); see also J. McIntyre

Machinery, Ltd. v. Nicastro, 564 U.S. 873, 877 (2011). A defendant that has accepted the privileges of directing business at the forum state has also accepted the burden of appearing before its courts, even if they have never physically entered the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

In Consulting Engineers, the Fourth Circuit provided a non-exhaustive list of factors to consider when weighing whether the defendant purposefully availed themselves of the forum state:

> [1] whether the defendant maintains offices or agents in the forum state,
> [2] whether the defendant owns property in the forum state,
> [3] whether the defendant reached into the forum state to solicit or initiate business,
> [4] whether the defendant deliberately engaged in significant or long-term business activities in the forum state,
> [5] whether the parties contractually agreed that the law of the forum state would govern disputes,
> [6] whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship,
> [7] the nature, quality and extent of the parties' communications about the business being transacted, and
> [8] whether the performance of contractual duties was to occur within the forum.

Consulting Engineers, 561 F.3d at 278 (internal citations omitted). Even with the aid of these factors, this analysis is heavily fact-dependent and "not susceptible to mechanical application" of any test. Id.

Cases across the circuit and district courts weigh heavily toward the conclusion that sending cease-and-desist letters does not on its own constitute sufficient minimum contact to signal that the defendant purposefully availed themselves of the forum state. See Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324, 1333–34 (Fed. Cir. 2008); Kehm Oil Co. v. Texaco, Inc., 537 F.3d 290, 301 (3d Cir. 2008); Stroman Realty, Inc. v. Antt, 528 F.3d 382, 386–87 (5th Cir. 2008); Woods Int'l, Inc. v. McRoy, 436 F. Supp. 3d 744, 751–52 (M.D.N.C. 2006). In non-infringement suits such as this one, the Federal Circuit has recognized judicial enforcement actions

within the forum state as sufficient to establish minimum contacts. See Avocent, 552 F.3d at 1334–35.

Plaintiff asserts Defendant has systematically solicited business in North Carolina or from North Carolina residents across the broad range of business activities in which Defendant engages. (Doc. No. 9, pp. 5–8). Leaving aside the sufficiency of these contacts as relates to the first element of specific personal jurisdiction (purposeful availment), they do not support the Court's exercise of personal jurisdiction because they are not related to the conduct that gives rise to the claim (the second Consulting Engineers element). Plaintiff's claim for a declaratory judgment of trademark non-infringement is linked to the burden of present and potential future litigation. (Doc. No. 1). Defendant's ordinary business activities are not the conduct from which Plaintiff seeks relief. Defendant's cease-and-desist letters and litigation threats are conduct linked to Plaintiff's claim, but they are not alone sufficient to establish Defendant's purposeful availment. See, e.g. Woods Int'l, 436 F. Supp. 3d at 751–52. Furthermore, the alleged quasi-judicial enforcement actions (which could establish minimum contacts if the Federal Circuit's decisions are given weight) with the U.S. Patent and Trademark Office (Doc. No. 1, pp. 3–4) are not actions in North Carolina. None of Defendant's alleged actions related to enforcement of their trademarks establish purposeful availment of the forum state. At least one of the three elements of specific personal jurisdiction fails and the Court may not exercise personal jurisdiction over Defendant.

**B. § 1631 Transfer of Venue**

A district court may transfer a case to a more appropriate venue when it finds that it lacks jurisdiction. 28 U.S.C. § 1631 (2016). A transfer under Section 1631 is appropriate "when (1) the proposed transferee court has jurisdiction, (2) the action would have been timely filed had it been

brought initially in the transferee court, and (3) transfer would serve the interests of justice." Afifi v. U.S. Dept. of Interior, 924 F.2d 61, 64 n.6 (4th Cir. 1991). Other courts within the Fourth Circuit agree that it is preferable, if permitted, to transfer a case rather than dismiss it, so as to avoid delay in reaching the merits of an otherwise facially valid claim. See Cont'l Cas. Co. v. Argentine Republic, 893 F. Supp. 2d 747, 754 (E.D. Va. 2012); Gov't of Egypt Procurement Office v. M/V Robert E. Lee, 216 F. Supp. 2d 468, 473 (D. Md. 2002).

The Northern District of Illinois would have been able to exercise jurisdiction over Plaintiff's claim if the Complaint had originally been filed there. Defendant is, according to both Plaintiff's allegations and Defendant's pleadings, a resident of Illinois with its principal place of business in Richmond, Illinois. (Doc. No. 1, p. 1); (Doc. No. 6-1, p. 2). A district court may exercise general personal jurisdiction over a corporate defendant in the district of its domicile or principal place of business. See Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). There is no allegation or indication at this time that the Complaint would have been defective or untimely if it had originally been filed in Illinois. This transfer will serve the interests of justice by allowing Plaintiff's claim to be heard in an appropriate forum. All three elements required for a proper Section 1631 transfer are satisfied, and the case should be transferred to the U.S. District Court for the Northern District of Illinois.

### IV. CONCLUSION

Defendant's contacts with North Carolina that are linked to Plaintiff's cause of action are not on their own sufficient for this Court to exercise specific personal jurisdiction over Defendant. Section 1631 of Title 28 of the U.S. Code permits a transfer of venue when it is in the interest of

justice and the transferring court lacks jurisdiction over the claim.  Such a transfer is warranted in this case and will provide a fair and efficient alternative to an outright dismissal of the Complaint.

Therefore, the Defendant's Motion to Dismiss (Doc. No. 8) is DENIED, and Defendant's alternative Motion to Transfer Venue (Doc. No. 8) is GRANTED.  The Clerk's Office shall transfer this case to the Northern District of Illinois.

IT IS SO ORDERED.

Signed: June 4, 2018

Frank D. Whitney
Chief United States District Judge